**Wallace Dale HAMILTON**

v.

**UNITED STATES of America.**

**No. 3–83–0940.**

United States District Court, M.D. Tennessee, Nashville Division.

Feb. 1, 1984.

---

John E. Rodgers, Nashville, Tenn., for plaintiff.

Derry Harper, Asst. U.S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM

WISEMAN, District Judge.

This case is before the Court on defendant's motion to dismiss and plaintiff's motion for writ of mandamus. Plaintiff in his complaint alleges that he was denied due process when the Secretary of the Department of Agriculture [Secretary] refused to grant plaintiff an extension of time for filing a request for review.

Following plaintiff's conviction for violation of 7 C.F.R. § 278.2(a) of the Food Stamp Act, 7 U.S.C. § 2011 et seq., the Food and Nutrition Service [FNS] disqualified plaintiff from participating in the Food Stamp Program for three years. The FNS notified plaintiff of this disqualification and advised plaintiff that under 7 C.F.R. § 279.5 he had 10 days within which to request review of the department's ruling. Plaintiff alleges that because his attorney was ill on the last day the request for review could have been postmarked and still meet the 10 day deadline, his letter requesting review was postmarked approximately 36 hours later than the deadline. Plaintiff subsequently requested an extension of the 10 day deadline to allow his letter to be timely, but the FNS refused, citing 7 C.F.R. § 279.9(b), which specifically prohibits extensions of time for the filing of requests for review. Plaintiff contends that the Secretary abused his discretion by promulgating and following section 279.-9(b). Defendant moves to dismiss for lack of jurisdiction. Plaintiff opposes this motion, claiming that federal question jurisdiction exists because the Secretary's action was a denial of due process. In addition, plaintiff moves the Court for a writ of mandamus instructing the Secretary to grant plaintiff a review. Defendant in opposing this motion contends that plaintiff has failed to state a claim for which the extraordinary writ will lie. For the following reasons the Court denies plaintiff's request for mandamus and grants defendant's motion to dismiss the case.

The regulations are clear in providing that the Court has no jurisdiction in this case under 7 U.S.C. § 2023 to review the decision of the FNS. Under 7 C.F.R. § 278.6(i), the determination of the FNS regional office shall be final and not subject to further administrative or judicial review unless a written request for review is filed within the 10 day period stated in section 279.5. Moreover, section 279.9(b) also clearly provides that the Secretary shall make no extensions in the time allowed for the filing of a request for review. In addition, the Court finds that it has no federal question jurisdiction because there has been no denial of due process in this case. The plaintiff is correct in his argument that the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful

manner. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Plaintiff in this case had that opportunity but failed to take advantage of it. Although the result is harsh, the absence of any further review in this case does not rise to a denial of due process. Thus, the Court grants defendant's motion to dismiss the complaint for lack of jurisdiction. For the same reasons, the Secretary's promulgation and implementation of section 279.-9(b) does not constitute the abuse of discretion or denial of due process required for mandamus jurisdiction. Mandamus jurisdiction requires exhaustion of administrative remedies and it does not confer on a district court jurisdiction that the court does not otherwise have. 28 U.S.C. § 1361. *See L & N Railroad Co. v. Donovan,* 713 F.2d 1243 (6th Cir.1983); *Jeno's v. Commissioner of Patents and Trademarks,* 498 F.Supp. 472 (D.Minn.1980). Accordingly, plaintiff's motion for mandamus is denied.