Christine J. SHOULDERS, t/a Shoulders Market, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, Defendant–Appellee.

No. 88–3579.

United States Court of Appeals, Fourth Circuit.

Argued March 10, 1989.

Decided June 21, 1989.

---

William P. Robinson, Jr. (Robinson, Zaleski & Lindsey, Norfolk, Va., on brief), for plaintiff-appellant.

Michael Anson Rhine, Asst. U.S. Atty., Norfolk, Va., (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.

ERVIN, Chief Judge:

Christine Shoulders, the proprietor of Shoulders Market, a Norfolk, Virginia, convenience store, filed suit to stay an administrative order disqualifying Shoulders [1] from participation in the federal food stamp program ("program"). Shoulders appears before us appealing from the dismissal of her action as untimely. We affirm.

## I.

The United States Department of Agriculture's Food and Nutrition Service ("FNS") approved Shoulders for participation in the program on April 3, 1986. During late 1986 and early 1987, FNS agents shopped at Shoulders using food stamps, to see if Shoulders was accepting the stamps for items ineligible under the program. Having satisfied itself that Shoulders had repeatedly accepted food stamps for ineligible items, the FNS decided to disqualify Shoulders from participating in the program for three years.

On January 15, 1988, the FNS mailed Shoulders a letter stating that its decision had been affirmed after agency review and that Shoulders must commence an action for judicial review, if she chose to do so, within thirty days of receipt of the letter.[2]

---

1. We shall use "Shoulders" when referring both to Ms. Shoulders and to her apparently unincorporated business.

2. The thirty-day limitation on Shoulders' ability to obtain judicial review stems from 7 U.S.C. § 2023(a) and 7 C.F.R. § 279.10(a). Section 2023(a), as it read during the pertinent period, declares that the FNS determination:

> shall be final and ... shall take effect thirty days after the date of the delivery or service of such final notice of determination. If the store ... feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in busi-

ness, or ... in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

Section 279.10(a) echoes § 2023(a) in providing that:

> A firm aggrieved by the determination of the food stamp review officer may obtain judicial review of the determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. The complaint must be filed within 30 days after the date of delivery

Shoulders commenced her action on March 23, 1988, when it filed a petition and notice of application for stay of the FNS order in the Virginia Circuit Court for the City of Norfolk ("Norfolk").[3]

Shoulders concedes that her action was untimely under § 2023(a) and § 279.10(a).

The FNS removed the action to federal district court on April 18, 1988. Shortly thereafter, the FNS moved to dismiss, alleging, among other grounds, that Shoulders' action was time-barred under § 2023(a). Shoulders' response was that her suit was timely under a Virginia statute that grants a continuance of right to state court litigants whose attorneys are, among other things, members of the Virginia General Assembly.[4] The district court heard argument and, concluding that § 30–5 could not extend § 2023(a)'s limitation period, dismissed Shoulders' action as untimely. It is this conclusion that Shoulders asks us to review.

## II.

We believe the district court correctly analyzed the interplay between § 30–5 and § 2023(a), and properly concluded that the inflexible thirty-day period for filing provided by § 2023(a) trumps any longer period that § 30–5 may provide. The district court identified § 2023(a), the statute sup-

porting its subject matter jurisdiction, as a conditional waiver of the United States' sovereign immunity, the condition being that aggrieved parties must commence suit within thirty days of notice of adverse FNS action. The law is clear that the courts must strictly construe and enforce such conditions in favor of the United States. See *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983) ("[W]hen waiver legislation contains a statute of limitations ... we must be careful not to interpret the [time-bar provision] in a manner that would 'extend the waiver beyond that which Congress intended' ") (citation omitted).

This conclusion under *Block* perforce indicates that § 2023(a), read alone, does not allow extensions of time. The conflict between § 2023(a) and § 30–5 is thus unavoidable; from the fact of conflict follows the conclusion that § 2023(a)'s limitations period must prevail, under the Supremacy Clause, over § 30–5's longer period. *See Felder v. Casey,* 487 U.S. ——, ——, 108 S.Ct. 2302, 2318, 101 L.Ed.2d 123, 138 (1988); *Free v. Bland,* 369 U.S. 663, 666, 82 S.Ct. 1089, 1092, 8 L.Ed.2d 180 (1962).

## III.

Finding no fault in the district court's conclusion that the limitations period of

or service upon the firm of the notice of determination of the food stamp review officer ... otherwise the determination shall be final.

3. A proper forum under § 2023(a) and § 279.10(a).

4. The statute, Va.Code Ann. § 30–5 (Supp.1988), provides in pertinent part that:

Any party to an action or proceeding in any court ... who has, prior to or during the session of the General Assembly, employed or retained to represent him in such action or proceeding an attorney who is [a] ... member of the General Assembly ... shall be entitled to a continuance as a matter of right (i) *during the period beginning thirty days prior* to the commencement of the session and ending thirty days after the adjournment thereof, and (ii) during a period beginning one day prior to the meeting date of any reconvened or veto session or of any commission, council, committee or subcommittee created by the General Assembly at which such ... member is scheduled to attend and ending one day

after the adjournment of such meeting; provided no continuance need be granted under (ii) unless it shall have been requested at least three days prior to the first day for which such continuance is sought. Any pleading or the performance of any act relating thereto required to be filed or performed by any statute or rule during the period beginning thirty days prior to the commencement of the session and ending thirty days after the adjournment of the session shall be extended until not less than thirty days after any such session. The failure of any court, commission, or other tribunal to allow such continuance when requested so to do or the returning of such filing or act during the period hereinabove specified shall constitute reversible error....

Shoulders appears specifically to claim the benefit of the penultimate sentence of the quoted portion of § 30–5, which extends the time available for commencing suit. There is no dispute that Shoulders' attorney was a Virginia General Assemblyman, and that the Assembly was in session when Shoulders received the FNS determination letter.

§ 2023(a) alone applies, and taking account of Shoulders' concession that her suit is untimely under that provision, we affirm the order dismissing the suit.

*AFFIRMED.*