**Rick and Cynthia REASON, Reason's Family Pantry, Plaintiffs,**

v.

**John M. HESLIN, Administrative Review Officer, U.S. Department of Agriculture, Food and Nutrition Service, Defendant.**

**No. IP 89–765–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Oct. 10, 1989.

Rick Reason, Gaston, Ind., for plaintiffs.

Sue Hendricks Bailey, Asst. U.S. Atty., Indianapolis, Ind., for defendant.

## ENTRY ON THE GRANTING OF DEFENDANT'S MOTION TO DISMISS

TINDER, District Judge.

This case comes before the court on defendant's motion to dismiss based on Fed. R.Civ.P. 12(b)(1), 12(b)(2) and 12(b)(4). This court will dismiss this complaint on Fed.R. Civ.P. 12(b)(1) grounds that plaintiffs did not meet the 7 U.S.C. § 2023(a) (1986) jurisdictional requirement for judicial review of the Food and Nutrition Service's final administrative determination. The lack of subject matter jurisdiction makes all other objections moot.

### BACKGROUND

The Food and Nutrition Service ("FNS") of the United States Department of Agriculture investigated Reason's Family Pantry finding it in violation of the Food Stamp Act for accepting food stamps for ineligible non-food items. At the Reasons' properly timed request for administrative review of their penalty, the FNS reviewed their case, upheld the initial six month program disqualification penalty, but suspended the disqualification in lieu of a $486.00 civil money penalty due to hardship.

Plaintiffs were statutorily allowed thirty days from the time they received final administrative determination on June 3, 1989, in which to file for judicial review of the decision, but they filed on July 5, 1989, two days past the deadline. Omer J. Stocker, a non-lawyer described as the Reasons' personal "representative," discussed filing the motion for review in state court with Judge

Thomas C. Wright of the Grant Superior Court, on July 3, 1989. Judge Wright, without knowledge of the jurisdictional deadline or the applicable federal statute, suggested Stocker file it in federal district court. No motion was made in, nor any order issued from, Grant Superior Court regarding filing this action on July 3, 1983.

Defendant filed a motion to dismiss based on Fed.R.Civ.P. 12(b)(1), 12(b)(2) and 12(b)(4), i.e. lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient service of process. Plaintiffs responded and requested a hearing, and defendant replied by brief.

## STANDARD OF REVIEW

When subject matter jurisdiction is asserted for dismissal along with other grounds, this court will consider the Fed.R. Civ.P. 12(b)(1) challenge first as dismissal under this rule makes other challenges moot. 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1350 (1969); *see also Michigan State Employees Ass'n v. Marlan*, 608 F.Supp. 85, 87 (W.D.Mich. 1984).

■ In deciding a motion to dismiss based upon Fed.R.Civ.P. 12(b)(1), the complaint will be construed liberally, and the court is not bound to accept as true allegations of jurisdiction where a party properly raises factual questions of subject matter jurisdiction. The court may look beyond the jurisdictional allegations to examine any evidence submitted to determine if subject matter jurisdiction in fact exists. 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1350 (1969); *Gervasio v. United States*, 627 F.Supp. 428, 430 (N.D. Ill.1986).

In addition, Seventh Circuit law requires that *"pro se* complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, *pro se* complaints are to be liberally construed." *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir.1988) (citations omitted).

## ANALYSIS

■ Sovereign immunity dictates that this court has subject matter jurisdiction in suits against the United States only with the consent of Congress. *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983). If a party fails to meet the jurisdictional requirements for review, they lose the United States' consent to be sued, and the action may not properly be heard in this court.

The Reasons' may sue the FNS for judicial review only under the statutory grant waiving sovereign immunity of the United States. In this instance, Congress supplied a statutory waiver of sovereign immunity allowing judicial review of FNS decisions, 7 U.S.C. § 2023(a) (1986). The relevant wording of the statute and the regulation grants subject matter jurisdiction to an aggrieved party if they file a complaint in federal district court or in any competent state court "within *thirty days* after the date of delivery or service of the final determination upon [the store], requesting the court to set aside such determination." 7 U.S.C. § 2023(a) (1986); 7 C.F.R. § 279.10(a) (1988) (emphasis added). There is no exception to the filing deadline in the statute or in the regulation.

The facts are clear that the FNS issued its final determination upholding the civil money penalty on May 31, 1989, that the Reasons received it June 3, 1989, by signing for certified mail, and that they filed this action on July 5, 1989, in this court. Without presenting a complaint marked "Filed" on or before July 3, plaintiffs are asking for this court to create a judicial exception to the statute's requirements.

■ It is important to note that this statutory thirty day deadline for judicial review is not a statute of limitations that may be equitably tolled, but is the very basis of Congress' grant of jurisdiction to parties suing the United States in this court. 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1212 (1969). "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block*, 461 U.S. at 287, 103 S.Ct. at 1820; *see also*

**1312**

Harris v. Brock, 835 F.2d 1190, 1193 (7th Cir.1987); Sims v. Heckler, 725 F.2d 1143 (7th Cir.1984).

The regulation plainly states that if an aggrieved party misses the thirty day deadline in which to sue the FNS, "the determination shall be final." 7 C.F.R. § 279.10(a) (1988). Applying this rule is a question of first impression in the Seventh Circuit. However, the Fourth Circuit Court of Appeals recently ruled that this same thirty day limit is a strict jurisdictional mandate. In Shoulders v. United States Department of Agriculture, 878 F.2d 141, 143 (4th Cir.1989), the Court of Appeals upheld the thirty day time limit against a Virginia law allowing general filing time extensions for attorneys in the state legislature. The court phrased the thirty day time limit in which to file for judicial review as "inflexible." It concluded that when the statute is read alone, Block "does not allow any extension of time." Shoulders, 878 F.2d at 143.

■ The Reasons' response claims only that because Stocker discussed filing this complaint with Judge Thomas C. Wright of the Grant Superior Court on July 3, 1989, they were within the statute's limit for filing. Not only did Stocker not file on the last day allowed, but he is not an attorney. The Judge's certified statement as to Stocker's presence bears no relation to the strictly construed statutory deadline as discussed above.

Moreover, had Stocker been an attorney, he would have had the opportunity to know about the statute's filing venue in either state or federal court, thereby avoiding the confusion in Grant Superior Court. This situation demonstrates why Indiana *prohibits* non-lawyers from attempting to practice law. "This [Indiana Supreme] Court's authority to set standards and supervise the practice of law is based on the need to protect the public from those not properly licensed or otherwise qualified to act as attorneys." State ex rel. Disciplinary Comm'n v. Owen, 486 N.E.2d 1012, 1014 (Ind.1986); see also Ind. Const. IV, § 2; Indiana Rules of Appellate Procedure 4(A)(3) (1989); Ind.Code § 33-2-3-1 (1985).

Potential harm to the public and actual harm to the Reasons' by losing a forum for judicial review are two adequate reasons for the policy behind this rule. Stocker is not an attorney so the certified statement is not a judicial ruling nor a binding legal act requiring a finding that the filing was timely.

Unless an exception to the time limit is written into the statute, this court cannot create one against the plain language of the law. This may make the result appear harsh from strictly reading the statute, but no exception exists in precedent, in the statute, in the regulation, nor in this court.

Defendant's motion to dismiss for lack of subject matter jurisdiction will be GRANTED with prejudice.