Roberto CALDERON, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND
NUTRITION SERVICE, Defendant.

Civ. A. No. 90–1895.

United States District Court,
D. New Jersey.

Nov. 27, 1990.

**182**

Seymour Wasserstrum, Vineland, N.J., for plaintiff.

Paul A. Blaine, Asst. U.S. Atty., Camden, N.J., for defendant.

## OPINION

GERRY, Chief Judge.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendant moves to dismiss plaintiff's suit for lack of subject matter jurisdiction. Defendant asserts that it is an improper party to this action, and that this action should be dismissed because the statute of limitations has expired against the only proper party.

## I. BACKGROUND [1]

Roberto Calderon, plaintiff, is the owner and operator of La Economica Grocery Store, a retail food store located in Vineland, New Jersey. For the past five years, Calderon has been a participating retailer in the Food Stamp Program ("the Pro-

gram"), pursuant to the provisions of 7 U.S.C. § 2011 *et seq.* The Food and Nutrition Service of the United States Department of Agriculture ("FNS"), defendant, administratively determined that Calderon had violated the Program's regulations by selling ineligible items in exchange for food stamp coupons, and, accordingly, the FNS disqualified him from participating in the Program for a period of three years. The findings made and sanctions imposed were sustained by the Administrative Review Officer in his final notice of determination, dated April 12, 1990. Calderon received this notice on April 16, 1990. The letter specifically called Calderon's attention

> to Section 14 of the Food Stamp Act and to Section 279.10 of the regulations with respect to your right to a judicial review of this determination. Please note that, if a judicial review is desired, the complaint must be filed in the U.S. District Court for the district in which you reside or are engaged in business or in any court of record of the State having competent jurisdiction. The complaint must be filed within 30 days of your receipt of this letter.

Calderon then commenced this action on May 15, 1990, twenty-nine days after his receipt of the final notice. His complaint named the FNS as the sole defendant, and notice of this suit was given to the United States Attorney for the District of New Jersey on June 13, 1990.

The parties are presently before the court on FNS' motion to dismiss for lack of subject matter jurisdiction. FNS asserts that the United States itself is the only proper defendant and that FNS is immune from suit under the doctrine of sovereign immunity. FNS further asserts that Calderon's complaint cannot be amended to name the correct party because the applicable statute of limitations has expired, and because an amendment adding the United States as a defendant would not relate back to the time of the commencement of the suit under Fed.R.Civ.P. 15(c). If so,

---

**1.** The background facts discussed in this opinion are derived from the allegations contained in plaintiff's complaint. For the purposes of this motion, these allegations are assumed to be true.

this court is without subject matter jurisdiction over Calderon's claims, and this action must be dismissed.

In response, Calderon argues that the United States is not the exclusive party against whom suit may be brought and also that an amendment adding the United States as a party would relate back under Rule 15(c). Moreover, he argues that the suit should not be dismissed because FNS' communications with Calderon were misleading and incomplete with regard to the party who should be sued.

## II. LEGAL ANALYSIS

### A. *Failure To Name The Correct Defendant*

■ The first issue this court must decide is whether or not the United States itself is the only proper party-defendant. Because Calderon's suit seeks to have this court declare that final determinations made and sanctions imposed by a federal agency are invalid, it is undisputed that this suit is barred by the doctrine of sovereign immunity unless that immunity has been explicitly waived by Congress. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Brief"), at 3–4; *see also United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). These same cases establish that when Congress has waived immunity and consented to be sued, the terms of that waiver and consent must be strictly construed. Exceptions to the doctrine of sovereign immunity are not to be implied. *See, e.g., Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983) ("when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied"). In fact, strict compliance with the precise terms of the congressional waiver is considered to be a jurisdictional requirement for the court to entertain the suit. *See* 5 Wright & Miller, Federal Practice and Procedure,

§ 1212, p. 127 (1990); *Reason v. Heslin*, 723 F.Supp. 1309, 1311 (S.D.Ind.1989). As the Supreme Court said in *Block*,

> When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity. Accordingly, although we should not construe such a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would "extend the waiver beyond that which Congress intended."

461 U.S. at 287, 103 S.Ct. at 1820 (citations omitted).

Turning to the facts of this case, Congress has expressly waived sovereign immunity with regard to judicial review of administrative determinations which disqualify retail food stores from participating in the Food Stamp Program. Congress has provided that:

> If the [retail food] store ... feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint *against the United States* in the United States court for the district in which it resides or is engaged in business ... within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a) (emphasis added); *see also* 7 C.F.R. Part 279 (1990) (which is substantially identical to 7 U.S.C. § 2023).

■ The central dispute between the parties is whether or not this statutory waiver commands that suits may be brought *solely* against the United States. Calderon contends that

> the statute does not say that the United States is the exclusive party against whom suit can be brought nor does it state that suit cannot be brought against the agency. Some courts have indicated that notice to either the United States or the Department of Agriculture where only the Department was named as a party could be adequate.... Where the regulations to which [Calderon] was referred fail to specify the appropriate party to be named and courts appear to

differ on the issue of the exclusivity of the United States as an appropriate party, it would not serve justice to hold a layman to a higher standard of knowledge.

Plaintiff's Brief, at 4–5 (citations omitted).[2] We reject this argument.

The explicit language of the congressional waiver provides for suits "against the United States." Since such waivers are to be strictly construed, that language should not be enlarged beyond what a fair reading of it requires. *See, e.g., Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–686, 103 S.Ct. 3274, 3277–3278, 77 L.Ed.2d 938 (1983). Accordingly, this court is unwilling to hold that the statutory language permitting suits "against the United States" was meant to waive immunity with regard to any governmental party other than the United States itself. Since Calderon's suit is against a federal agency rather than the United States itself, the suit is barred.[3]

In fact, Calderon's argument was explicitly rejected in *Martin's Food and Liquor, Inc. v. United States Department of Agriculture*, 702 F.Supp. 215 (N.D.Ill.1988). In *Martin's Food*, plaintiff was suspended from participation in the Food Stamps Program for three years for accepting food stamps in exchange for ineligible items. Plaintiff filed an action, seeking judicial review of that administrative determination, naming the United States Department of Agriculture as the only defendant. After citing the congressional waiver in 7 U.S.C. § 2023(a), the court held that·

> When a statute requires that suit be filed against a particular federal agency or officer, naming the United States alone as a defendant will not do.... Likewise, "[a] suit against the United States Department of Agriculture, or any other federal agency, is not a suit against the United States of America...." Thus, the case against the USDA must be dismissed.

*Id.*, at 216. This case is substantially identical to our case, and we find the court's reasoning to be persuasive.

For these reasons, we conclude that the United States itself is the only party which may be sued under 7 U.S.C. § 2023(a). Therefore, Calderon's suit against FNS must be dismissed.

### B. *Relation Back*

██ Given our conclusion that the suit against FNS must be dismissed, the next issue is whether we should grant plaintiff's request for leave to amend his complaint so as to add the United States as a defendant. Since the statute of limitations period for filing a claim against the United States has expired,[4] Calderon will only be able to amend his complaint if an amendment would relate back to the time of his commencement of this action, pursuant to the

**2.** In his brief, plaintiff continually emphasizes the fact that his complaint was filed *pro se* (he is however presently represented by counsel), and he asserts that, as a result, "he should not be held to the stringent standards applied to pleadings drafted by lawyers." As support, he cites *Reason v. Heslin*, 723 F.Supp. 1309 (S.D.Ind. 1989). However, *Reason* merely acknowledges the established rule that a *pro se* litigant's unartfully drawn pleadings are to be liberally construed in determining whether the relevant allegations of fact state a cognizable claim, sufficient to satisfy the minimally adequate notice requirements of Fed.R.Civ.P. 8(a). *Id.* at 11; *see also Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–176, 66 L.Ed.2d 163 (1980).

Those cases are inapplicable to our facts because it is not the adequacy of Calderon's factual allegations which are being challenged. Rather, it is the court's power to adjudicate this matter which is challenged. In this instance, whether or not the complaint was filed *pro se*,

we simply do not have the power to exercise jurisdiction over Calderon's claim. In fact, in the very case cited by Calderon, *Reason, supra,* the court dismissed the *pro se* plaintiff's complaint on jurisdictional grounds—for failing to commence the suit within the limitations period.

**3.** This conclusion is consistent with suits filed under the FTCA in which suits are only permitted against the United States itself. *See, e.g., Dilg v. United States Postal Service,* 635 F.Supp. 406 (D.N.J.1985) (Gerry, J.).

**4.** Plaintiff received the final notice of determination in this matter on April 16, 1990. Consequently, the thirty day statute of limitations on plaintiff's claim against the United States has now run. In fact, this action, naming the improper defendant, was not commenced until May 15, 1990—the 29th day of the 30–day limitations period.

provisions of Fed.R.Civ.P. 15(c). Under Rule 15(c),

> [r]elation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). *Accord, Williams v. Army and Air Force Exchange Service,* 830 F.2d 27 (3rd Cir. 1987). Although Calderon can easily satisfy the first three requirements, he cannot satisfy the fourth. The United States Attorney did not receive notice of Calderon's suit in the form of mailed copies of the summons and complaint until June 13, 1990 —twenty-eight days after the statute of limitations had expired. Therefore, any amendment adding the United States will not relate back. *See Williams, supra,* (no relation back where plaintiff in Title VII action named an incorrect governmental defendant and where notice was not received until after the short, thirty-day limitations period had expired).

█ Calderon argues that some courts interpret Rule 15(c) "as meaning that 'the party to be brought in' must receive notice of the action merely within the reasonable time allowed under the federal rules for the service of process." However, several of the cases cited by plaintiff to support this claim were decided before that claim was rejected by the Supreme Court in *Schiavone, supra. See Ingram v. Kumar,* 585 F.2d 566, 571–572 (2d Cir.1978), *cert. denied, Kumar v. Ingram,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Murray v. United States Postal Service,* 569 F.Supp. 794 (N.D.N.Y.1983). Moreover, the approach taken by the court in *Murray* was explicitly rejected by this very court and this very judge. *See Dilg v. United States Postal Service,* 635 F.Supp. 406, 407–408 (D.N.J.1985) (Gerry, J.) ("With all respect to the court in *Murray,* this court believes that such an interpretation of Rule 15(c) conflicts with the express wording of § 2401(b), which provides that the period of limitations commences with the mailing of the administrative denial and ends six months later").

The only other case cited by Calderon in this regard, *Paulk v. Department of Air Force,* 830 F.2d 79 (7th Cir.1987), is inapplicable to our facts. In *Paulk,* the plaintiff simultaneously filed both a complaint and a petition to proceed *in forma pauperis.* Because of the

> Circuit's rule that the district judge may consider whether the complaint is frivolous or malicious before granting leave to proceed *in forma pauperis* ... and authorizing issuance of the summons and the complaint[,]

the court held that

> once a plaintiff has filed the complaint and petition to proceed *in forma pauperis* within the limitations period, the limitations period is tolled for purposes of Rule 15(c) to allow service of the summons and the complaint at the later direction of the district court.

*Id.* at 82–83. This tolling is necessary because the "delay in deciding to grant the [*in forma pauperis*] motion could easily consume the thirty-day limitations period and make impracticable the filing of *in forma pauperis* petitions in such suits." *Id.* at 82. Accordingly, even though service of the complaint and summons was not effected upon the Government within the usual limitations period, the requirements of Rule 15(c) were satisfied because the appropriate notice was given within the extended period. In our case, no *in forma pauperis* motion was filed, nor was any other analogous motion filed which would justify the tolling of the limitations period in this instance.

For these reasons, we hold that Calderon cannot meet the requirements under Rule 15(c) for relation back. Accordingly, plain-

tiff's motion for leave to amend his complaint is denied.

We are somewhat reluctant to impose this admittedly harsh result in this case. This is particularly so since the 1966 amendment to the Rule was part of an effort to guarantee "plaintiff a hearing on the merits ... without risk of being defeated on a technical pleading error traceable to confusion created by the size and internal complexities of the national government's structure." 6 Wright & Miller, Federal Practice and Procedure, § 1502, n. 51 (1971); *see also Williams*, 830 F.2d at 30. However, we are bound by the language of the Rule itself, as well as the judicial interpretations of the Rule, *see Schiavone, supra; Williams, supra*, and we must recognize that "amelioration of these harsh results is for the Rules Committee, not for this Court." *Williams*, 830 F.2d at 30.

### C. *Other Considerations*

■ Calderon contends that the notice he was given, with regard to his right to appeal the final administrative decision, was defective. He argues that he relied upon instructions given to him by the FNS in its final notice of determination, and that although "there may not be a constitutional requirement for the government to explain procedures or rights to lay persons ... the Government does have a responsibility not [to] render the lay person's notice defective by its misleading behavior." Plaintiff's Brief at 9. He asserts that FNS "assumed the responsibility of instructing Mr. Calderon as to his rights under the law" by calling his attention to the statute and regulation governing his right to judicial review and by instructing him that he must file any complaint within thirty days. Having assumed that responsibility, "it had a

responsibility to do so in an accurate and complete manner." *Id.* He claims that this responsibility was not met in that the notice was misleading.[5] We reject this argument.

Calderon fails to offer any authority to support his claim. There are cases, however, which have noted that "[e]quitable tolling of a limitations period is available when 'the defendant has actively misled the plaintiff respecting the cause of action.'" *Williams*, 830 F.2d at 30; *see School District of Allentown v. Marshall*, 657 F.2d 16, 20 (3rd Cir.1981); *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748 (3rd Cir.), *cert. denied*, 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983). However, Calderon's allegations cannot support a claim that he was *"actively* misled" by the FNS. The right to sue letter specifically called his attention to the relevant statute and regulation and instructed him that any complaint must be filed within thirty days. If he had consulted either the statute or the regulation, he would have learned that suit should be brought "against the United States." The mere fact that the right to sue letter was sent on FNS letterhead is insufficient to establish active misleading— the letter was regarding an administrative decision made by the FNS, and the instructions regarding his right to seek judicial review were entirely truthful.

Again, *Williams* is instructive with regard to this issue. In *Williams*, plaintiff provided evidence that

> AAFES [the federal agency involved that case] personnel told counsel that AAFES was an unincorporated, nonappropriated funds activity and that service should be made on the U.S. Attorney General and the local U.S. Attorney as provided under Fed.R.Civ.P. 4. Although these state-

---

5. In his brief, Calderon asserts that the notice was misleading because:

> The notice was typed under Department of Agriculture, Food and Nutrition Service letterhead. Arguably, this alone would mislead the recipient to the belief that the Department was the proper party to name. Additionally, the phrasing of the instructions makes it appear that the Department is providing an interpretation of the statute and the regulations to the participant. To average lay person

> [sic], dealing with an agency of the federal government is the equivalent of dealing with the federal government itself. A sophisticated government agency knew or should have known that, absent a disclaimer or specific instructions to the contrary, the use of this letterhead to inform participants of their rights would mislead them into believing the Department to be a proper party to be named.
> *Id.* at 8–9.

ments to plaintiff's counsel may have led him to believe that naming AAFES as the defendant would have been proper, they were correct and the government engaged in no misrepresentation. Indeed, had such service been timely [i.e. within the thirty-day limitations period], plaintiff would have survived the motion to dismiss.

*Id.* at 31. As in *Williams*, there were no misrepresentations made by the Government in this case. Therefore, like that court, "although we sympathize with [Calderon's] difficulty in identifying the correct defendant, this case does not include the necessary active misrepresentation by the defendant to trigger equitable tolling." *Id.*

### III. RIGHT TO SUE LETTER

For the reasons discussed above, we must dismiss Calderon's suit. However, we would like to take this opportunity to repeat and re-emphasize the sentiments expressed by the Third Circuit in *Williams, supra.* As that court noted in the *Williams* case:

> some government agencies—notably the one that processes the most claims, the Department of Health and Human Services—identifies in its right to sue letter the proper defendant to sue in a civil action. In pertinent part the H.H.S. letter ... provides
>
> > If a civil action is commenced, the Bill of Complaint should name the Secretary of Health and Human Services as the Defendant....
>
> It would be a simple matter for the Department of Defense (*and other agencies as well*) to provide in the right to sue letter analogous information as to who should be named as defendant. Had the Department of Defense done so here, Ms. Williams would doubtless have had her day in court. Hence, while we will affirm the judgment of the district court, we also strongly urge the Secretary of Defense and the heads of other agencies as well to amend their right to sue letters to include such vital information.

*Id.* at 31 (emphasis added). This case is not the only case in which we have had to dismiss a claim because an unwitting plain-

tiff sued the wrong governmental entity. *See, e.g., Dilg, supra; DeVoe v. Foley,* Civil Action No. 89–4727 (letter opinion of October 22, 1990) (Gerry, C.J.). In an effort to prevent similar mistakes from occurring in the future, we direct the Clerk to send a copy of this opinion to the General Counsel of the Department of Agriculture and to the Assistant Attorney General in charge of the Civil Division of the U.S. Department of Justice. A similar effort by the court in *Williams* appears to have been unsuccessful, at least in terms of causing the FNS to amend its right to sue letters so as to prevent the error from occurring in this case. However, we hope that this additional impetus will succeed in persuading federal agencies to amend their right to sue letters, and in preventing this court from having to sympathize, once again, with an unwitting plaintiff whose suit must be dismissed because the wrong governmental party was sued.

### IV. CONCLUSIONS

For all of the foregoing reasons, the court will grant defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).