## HENDERSON FRUIT & PRODUCE COMPANY, INC., Petitioner–Plaintiff,

v.

## UNITED STATES of America, U.S. Department of Agriculture Food and Nutrition Service, Respondent–Defendant.

### No. 5:01–CV–32–BO(3).

United States District Court, E.D. North Carolina, Western Division.

June 26, 2001.

Alfred P. Carlton, Jr., Sanford Law Firm, Raleigh, NC, Anna Kaye Baird, Raleigh, NC, for plaintiff.

Robert Skiver, Raleigh, NC, for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Defendant's Motion to Dismiss. In the underlying action, Plaintiff seeks review of an administrative order disqualifying it from participation in Defendant's Food Stamp Program.

## FACTS

Plaintiff, Henderson Fruit & Produce Company, Inc. ("Henderson" or the "Company") is incorporated in North Carolina and has its principal place of business in Henderson, North Carolina. William L. Fleming, Jr. ("Fleming") is the president and sole owner of the Company.

The United States Department of Agriculture's Food and Nutrition Service ("FNS") previously approved Henderson for participation in the Food Stamp Program. During early 1999, however, FNS agents went to Henderson to determine whether Henderson was accepting food stamps for items ineligible under the program. Having satisfied itself that Henderson employees had accepted food stamps for ineligible items on a number of occasions, the FNS decided to disqualify Henderson from participating in the Program.

In a letter dated June 7, 2000, Fleming was informed that USDA agents had found evidence of Food Stamp Program violations at his store. Fleming requested

that a civil money penalty be imposed in lieu of permanent disqualification. In a June 21, 2000 letter, the FNS denied this request. On October 27, 2000, Fleming received a letter (the "Letter") from the FNS informing him that Henderson's permanent disqualification had been sustained upon administrative review and was the final decision of the Agency. The Letter also informed him that "[i]f judicial review is desired, a complaint, naming the United States as the defendant, must be filed in U.S. District Court or a State court of record having competent jurisdiction. Complaint must be filed within 30 days of your receipt of this letter." Def. Ex. A, ¶ 13.

On November 27, 2000, in Wake County Superior Court, Plaintiff filed an application and order to extend the time to file a complaint against Defendant until December 18, 2000. On December 18, 2000, Plaintiff filed the instant Complaint in Superior Court. On January 10, 2001, the United States removed Plaintiff's case to this Court.

## ANALYSIS

■ Plaintiff brought this action under 7 U.S.C. § 2023. Title 7 U.S.C. § 2023(a) provides that:

If the store, concern, or State agency feels aggrieved by [a final disqualification] determination, *it may obtain judicial review thereof by filing a complaint* against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, *in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.*

Title 7 U.S.C. § 2023(a) (emphasis added). Defendant has moved to dismiss the instant action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant argues that it has not waived its sovereign immunity from Plaintiff's suit under 7 U.S.C. § 2023(a), because Plaintiff's Complaint was untimely filed under Section 2023(a).

Plaintiff counters that its Complaint was timely, because it was filed in a North Carolina court and was timely filed under Rule 3(a) of the North Carolina Rules of Civil Procedure ("Rule 3(a)"). Rule 3(a) provides that a "civil action may be commenced by the issuance of a summons when . . . [a] person makes application to the court . . . and requesting permission to file his complaint within 20 days and . . . [t]he court makes an order . . . granting the requested permission." N.C.R.Civ.P. 3(a). Plaintiff reasons that, because Section 2023(a) allows a claimant to file its complaint in state court, it implicitly allows the complaint to be filed pursuant to state procedural rules.

■ This Court does not agree. Under the well-settled doctrine of sovereign immunity, the United States is shielded from suit, except to the extent that it has waived its immunity. *See Hoffman v. U.S.*, 182 F.3d 907, 1999 WL 497099 (4th Cir.1999). A waiver of sovereign immunity by the Government must be strictly construed by the Courts. *See Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983). Accordingly, "courts must strictly construe and enforce . . . conditions [imposed on such waivers of sovereign immunity] in favor of the United States." *Shoulders v. U.S. Dep't of Agriculture*, 878 F.2d 141 (4th Cir.1989). Specifically, "when waiver legislation contains a statute of limitations . . . [courts] must be careful not to inter-

pret the [time-bar provision] in a manner that would 'extend the waiver beyond that which Congress intended'." *See Block,* 461 U.S. at 287, 103 S.Ct. 1811.

Both parties agree that 7 U.S.C. § 2023(a) constitutes a *conditional* waiver of sovereign immunity. By its terms, the statute requires, as a condition to the Government's waiver of immunity, that a party must file its complaint "within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination." *See* 7 U.S.C. § 2023(a). In this case, Plaintiff received a final notice of determination on October 27, 2000. Rather than filing its Complaint within thirty days thereof, Plaintiff filed an application in and received an order from the North Carolina Superior Court that extended the time to file a complaint in that court. Plaintiff's Complaint was ultimately filed 52 days after it received notice of Defendant's final determination. As noted by Plaintiff, the Complaint was timely filed under North Carolina's procedural rules. Unfortunately for Plaintiff, however, the North Carolina procedural rule on which it relies directly conflicts with the federal statute that limits the Government's waiver of immunity in this case.

Rule 3(a) of the North Carolina Rules states that an action has "commenced" once a litigant files a summons, even if he has not yet filed a complaint, so long as he receives permission to and, in fact, does file his complaint within 20 days thereafter. Essentially, Rule 3(a) allows a litigant to receive a 20-day extension of the deadline for the filing of his complaint. By contrast, "[Section] 2023(a), read alone, does not allow extensions of time." *Shoulders,* 878 F.2d at 143. Instead, it expressly requires that a person seeking review must file "a complaint ... within thirty days after the date of delivery or service of

the final notice of determination upon it ...". Title 7 U.S.C. § 2023(a). Section 2023(a) thus requires that a complaint, not merely a summons, be filed in court within thirty days of the determination. The conflict between Section 2023(a) and Rule 3(a) is thus unavoidable. Moreover, as with the conflicting state statute at issue in *Shoulders,* "from the fact of [this] conflict follows the conclusion that § 2023(a)'s limitations period must prevail, under the Supremacy Clause, over [the] longer period" allowed under Rule 3(a). *See id.*

Plaintiff clearly failed to file its Complaint within thirty days, as it is expressly required to do under Section 2023(a). Under the Supremacy Clause, 7 U.S.C. § 2023(a) trumps Rule 3(a) of the North Carolina Rules of Civil Procedure. Therefore, this Court must apply Section 2023(a)'s thirty-day limitations period to the filing of Plaintiff's Complaint, North Carolina's procedural rules notwithstanding. Because Plaintiff's Complaint was not filed within the 30-day limitations period imposed by Section 2023(a), Plaintiff has failed to meet the conditions imposed by Section 2023(a) and Defendant has not waived its immunity from this suit.

## CONCLUSION

For the foregoing reasons, Plaintiff's claim must be dismissed for lack of subject matter jurisdiction. Plaintiff's action is hereby DISMISSED in its entirety.

SO ORDERED