**Firas SALMO, an individual; Salmo, Inc., a California corporation dba Value King Supermarket, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendants.**

**No. CIV. 02CV348(AJB).**

United States District Court,
S.D. California.

Oct. 7, 2002.

Alexander Warren Tucker, San Diego, CA, for plaintiff.

Cindy M. Cipriani, Assist. U.S. Atty., for defendants.

Order Granting Defendant's Motion to Dismiss [Doc No. 8]

BATTAGLIA, United States Magistrate Judge.

The Government moves to dismiss Plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of federal subject matter jurisdiction. The Plaintiffs have filed a Notice of Non–Opposition, stating that they do not oppose dismissal of this action without prejudice as they anticipate filing a complaint in state court regarding the same subject matter. Plaintiffs have filed no substantive opposition to the Government's motion. The parties have consented in writing to the hearing and disposition

of all matters in this case by Magistrate Judge Battaglia.

The argument presented by Defendant in this case, that 7 U.S.C. § 2021(g)(2)(C) deprives this Court of federal subject matter jurisdiction, is novel—no other court has addressed this issue. Nonetheless, this Court concludes that the Government is correct, and that this Court lacks jurisdiction to review the decision of the Food and Nutrition Service of the United States Department of Agriculture, disqualifying the Plaintiff store from participating in the Federal Food Stamp Program. Thus, for the reasons set forth herein, the Government's motion is GRANTED.

### Standard of Review for Defendant's Motion

"Federal courts are courts of limited jurisdiction .... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). On a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the moving party may rely upon affidavits or other evidence properly before the court. *Ass'n of Am. Med. Colleges v. United States,* 217 F.3d 770, 778 (9th Cir.2000). The court may consider these extra-pleading materials and resolve factual disputes, if necessary. *Id.* If the moving party produces evidence in support of its motion, the opposing party must then present its own affidavits or other evidence "to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id.* (quoting *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989)).

### The Statutory Basis of Jurisdiction

█ The United States and its agencies are immune from suit absent a waiver of sovereign immunity. *Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir.1997). "The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* The scope of this Court's subject matter jurisdiction to review the decision of the Food and Nutrition Service ("FNS") of the United States Department of Agriculture is defined by the statutes providing for judicial review of such decisions. *Gallo Cattle Company v. United States Dept. of Agriculture,* 159 F.3d 1194, 1197 (9th Cir.1998) (statute providing for judicial review of USDA's Dairy Promotion Program defines scope of federal court's subject matter jurisdiction over such actions). Plaintiffs filed this action pursuant to 7 U.S.C. § 2023, seeking judicial review of the December 12, 2001, notice by the FNS disqualifying the store from participating in the Federal Food Stamp Program ("FSP") for three years pursuant to 7 U.S.C. § 2021(g). Section 2023, upon which Plaintiffs rely for jurisdiction in this case, provides in pertinent part as follows:

(a)(1) Whenever ... a retail food store or wholesale food concern is disqualified or subjected to a civil money penalty under the provisions of section 2021 of this title ... notice of such administrative action shall be issued to the retail food store, wholesale food concern, or State agency involved.

(2) Such notice shall be delivered by certified mail or personal service.

(3) If such store, concern, or State agency is aggrieved by such action, it may, in accordance with regulations promulgated under this chapter, within ten days of the date of delivery of such notice, file a written request for an opportunity to submit information in support of its position to such person or persons as the regulations may designate.

(4) If such a request is not made or if such store, concern, or State agency fails to submit information in support of its

position after filing a request, the administrative determination shall be final. (5) If such request is made by such store, concern, or State agency, such information as may be submitted by the store, concern, or State agency, as well as such other information as may be available, shall be reviewed by the person or persons designated by the Secretary, who shall, subject to the right of judicial review hereinafter provided, make a determination which shall be final and which shall take effect thirty days after the date of the delivery or service of such final notice of determination.

\* \* \* \* \* \*

(13) If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

\* \* \* \* \* \*

(15) The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue
. . . .

7 U.S.C. § 2023(a). This section generally provides the basis for federal subject matter jurisdiction over an action challenging disqualification from the FSP under 7 U.S.C. § 2021, as well as a conditional waiver of the United States' sovereign immunity. *Shoulders v. United States Department of Agriculture,* 878 F.2d 141, 143 (4th Cir.1989).

The Government argues, however, that 7 U.S.C. § 2021(g), under which the Plaintiff store was disqualified, explicitly prohibits the exercise of jurisdiction in a case such as this where the FSP disqualification was based upon a prior determination that the store was disqualified from participating in a state program providing supplemental nutrition benefits for women, infants, and children. In this case, the FNS disqualified the Plaintiff store from participation in the FSP based upon its prior disqualification, on October 6, 2001, from participating in the California Women, Infants, and Children Supplemental Nutrition Program ("WIC") for three years. In addition to providing that a store previously disqualified from participating in a state WIC must also be disqualified from participating in the FSP program, 7 U.S.C. § 2021 further provides that "notwithstanding section 2023 of this title," a disqualification from the FSP based upon a prior WIC disqualification "shall not be subject to judicial or administrative review." 7 U.S.C. § 2021(g)(2)(C) (emphasis added); *see also* 7 C.F.R. § 278.6(e)(8)(iii)(C) (providing that such disqualifications "[s]hall not be subject to administrative or judicial review under the Food Stamp Program.").

There is a "strong presumption that Congress intends judicial review of administrative action." *State of Oregon v. Bowen,* 854 F.2d 346, 350 (9th Cir.1988) (quoting *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986)). "This presumption can only be rebutted if the agency can show that Congress intended to prohibit all judicial review." *Id.* Although § 2021(g) was added to Title 7 by amendment in 1996, there are no cases interpreting its provisions, including the provision precluding judicial review. The plain language of § 2021(g), however, supports the Government's jurisdictional argument, and supports the conclusion

that Congress intended to prohibit judicial review of decisions by the FNS to disqualify stores from participating in the FSP based upon a prior WIC disqualification.

Section 2021(g) plainly states that a disqualification from the FSP based upon a prior WIC disqualification "shall not be subject to judicial or administrative review." 7 U.S.C. § 2021(g)(2)(C). The prohibition in § 2021(g)(2)(C) is qualified by the statement that the bar on judicial review is imposed "notwithstanding section 2023 of this title." In common usage, however, the term "notwithstanding" means "without prevention or obstruction from or by" or "in spite of." Webster's Third New International Dictionary Unabridged 1545 (1993). Thus, § 2021(g)(2)(C)'s prohibition on judicial or administrative review is made "in spite of" the ordinary review process available under 7 U.S.C. § 2023. The explicit statement in § 2021(g)(2)(C), narrowing the scope of judicial review available under § 2023, thus serves to narrow the scope of the government's waiver of sovereign immunity and this Court's exercise of subject matter jurisdiction.

■ Congress has unambiguously stated that decisions by the FNS disqualifying a store from participating in the FSP as a result of a prior WIC disqualification are not subject to administrative or judicial review. This limitation upon the court's jurisdiction is not unreasonable. Before the store can be disqualified from participating in the state's WIC program, it must be given the opportunity to challenge the basis for that action before the state administrative agency. *See* 7 C.F.R. § 246.12. In this case, for example, the California Department of Health Services twice warned the Plaintiff store by letters dated January 19, 2000 and May 17, 2000 that vendor violations had occurred [Administrative Record ("AR") 34–37]. The California Department of Health Services

then notified the Plaintiff store by letter on December 1, 2000 that it was being disqualified from participation in the California WIC program because of continued vendor violations [AR 30–33]. The Plaintiff store requested and obtained an Informal Hearing to protest the WIC disqualification, and on August 10, 2001 the California Department of Health Services mailed a written report of its findings sustaining the disqualification [AR 21–29]. Although the Department advised the Plaintiff store that it had 30 days thereafter to request a formal hearing [AR 21], it apparently did not do so. The California Department of Health Services notified the Plaintiff store by letter on September 20, 2001 that its disqualification decision would take effect on October 7, 2001 [AR 20]. Thus, the Plaintiff had a full and fair opportunity to challenge its disqualification from the California WIC program. Pursuant to U.S.C. § 2021(g)(2)(C), the Plaintiff store is not entitled to further review of the FNS's subsequent decision disqualifying it from participating in the FSP, and this Court lacks jurisdiction over Plaintiffs' complaint.

### Conclusion

This Court lacks subject matter jurisdiction over the Plaintiffs' complaint for review of the decision of the Food and Nutrition Service of the United States Department of Agriculture disqualifying the Plaintiff store from participating in the Federal Food Stamp Program pursuant to 7 U.S.C. § 2021(g). Therefore, the Government's motion to dismiss is GRANTED, and Plaintiffs' complaint is hereby DISMISSED.

IT IS SO ORDERED.