**CHESTERFIELD MARKET, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 05–40277.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 8, 2007.

Edward L. Johnson, Detroit, MI, for Plaintiff.

Nancy A. Abraham, U.S. Attorney's Office, Flint, MI, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

LAWSON, District Judge.

Chesterfield Market, Inc. (Chesterfield) filed this action on September 1, 2005 to challenge the decision by the Food and Nutrition Service (FNS) of the United States Department of Agriculture to disqualify Chesterfield from participation in the Federal Food Stamp Program. The complaint also asserts claims of misrepresentation, negligent misrepresentation, and innocent misrepresentation.

On October 10, 2006, the defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks jurisdiction to grant the relief requested. The plaintiff has not responded to the motion, and the time for doing so established by this Court's local rules has expired. *See* E.D. Mich. LR 7.1(d)(1)(B) (providing twenty-one days to respond to a dispositive motion). Counsel for the plaintiff has notified the Court that he does not intend to respond to the motion until January 9, 2007, the date previously set for a hearing on the matter. Further, plaintiff's counsel failed to appear

for scheduling conferences on December 12, 2005 and December 19, 2006. An order was entered on December 20, 2006 requiring the plaintiff to show cause in writing by December 29, 2006 why the case should not be dismissed. The plaintiff responded to the show cause order, but that response was stricken on January 4, 2007 because it was not signed, in violation of Federal Rule of Civil Procedure 11(a) and ECF Pol. & Pro. R9. Nonetheless, the Court has reviewed the submissions of the defendant and finds that the relevant law and facts have been set forth in the motion papers and oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

On January 3, 2002, the FNS wrote Mr. Owkar Toma, the owner of plaintiff Chesterfield Market, Inc., explaining that FNS had evidence that Chesterfield was engaged in food stamp trafficking, that is, the redemption of food stamps at a discount for cash in violation of the applicable statutes and regulations. FNS asserted that data from the agency's Food Stamp Electronic Benefit Transfer records showed numerous transfers that were incompatible with legitimate redemptions of food stamps. FNS invited Chesterfield to rebut that evidence, which Chesterfield attempted to do through its counsel, by supplying FNS with copies of the store's invoices and food stamp transactions. FNS was unpersuaded and determined Chesterfield should be disqualified permanently from the Food Stamp Program under section 278.6(i) of the Food Stamp Program regulations. On September 10, 2002, FNS sent a notice to Chesterfield by certified mail explaining its final decision to disqualify Chesterfield from the Food Stamp Program. FNS's letter explained to Chesterfield that it could seek judicial review of FNS's final decision only if it did so within

thirty days of receipt of FNS's letter. The defendant has submitted a copy of the certified mail return receipt. Chesterfield did not file this complaint until September 1, 2005, nearly three years later.

■ The defendant argues that the Court does not have subject matter jurisdiction over the case and the matter must be dismissed according to Federal Rule of Civil Procedure 12(b)(1). Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or a motion. Fed.R.Civ.P. 12(b)(1); *Television Reception Corp. v. Dunbar*, 426 F.2d 174, 177 (6th Cir.1970). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir.2002); *see also Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

■ In most circumstances, the failure to commence an action within the time permitted by law subjects a plaintiff to a statute of limitations defense. Interposing a statute of limitations generally is an affirmative defense, which can be waived if not asserted promptly, or can be vitiated by equitable tolling. *See Solomon v. United States*, 467 F.3d 928, 932 (6th Cir.2006); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). The failure to abide by a statute of limitations does not affect the court's power to adjudicate a matter. Similarly, the failure to state a claim, although fatal to a plaintiff's case, does not deprive the court of subject matter jurisdiction. *Intermodal Technologies, Inc. v. Mineta*, 413 F.Supp.2d 834, 838 (E.D.Mich.2006) (noting that "the potential lack of merit in the petition does not undermine this Court's subject matter jurisdiction") (citing *Chero-*

*kee Exp., Inc. v. Cherokee Exp., Inc.,* 924 F.2d 603, 609 (6th Cir.1991)).

■ However, in some cases, time limits are jurisdictional, and the failure of a claimant to present his papers to a court in a timely manner deprives the court of the power to proceed. *See, e.g., Marshall v. Comm'r of Soc. Sec.,* 444 F.3d 837, 841 (6th Cir.2006) (citing *Buck v. Sec'y of HHS,* 923 F.2d 1200, 1205 (6th Cir.1991)) (holding that the time limits in the Equal Access to Justice Act are jurisdictional); *Wikol ex rel. Wikol v. Birmingham Public Schools Bd. of Educ.,* 360 F.3d 604, 607 (6th Cir. 2004) (holding that the 30–day notice of appeal requirement is "mandatory and jurisdictional").

■ Petitions seeking review of the actions of the FNS fall into the latter category, in that the timely filing of such claims is both mandatory and jurisdictional. That limitation derives from the proposition of sovereign immunity.

■■ It is well established that a claim against the United States is barred absent waiver of sovereign immunity, " 'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). A waiver of immunity cannot be implied; it must be "unequivocally expressed in the statutory text." *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996); *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that federal courts have no subject matter jurisdiction to hear a claim against the United States or one of its agencies absent a clear waiver of sovereign immunity).

The United States has expressly consented to suits by retail food stores challenging agency decisions to disqualify them from the Food Stamp Program. However, such suits must be filed within thirty days of the agency decision. The governing statute states:

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, *within thirty days* after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13) (emphasis added). The regulation corresponding to section 2023(a)(13) underscores this requirement: "The complaint [seeking review of FNS's determination] *must be filed within 30 days* after the date of delivery or service upon the firm of the notice of determination of the administrative review officer . . .; *otherwise the determination shall be final.*" 7 C.F.R. § 279.7a (emphases added). Because Congress has explicitly provided for judicial review of a final FNS determination only if the challenger files a complaint within thirty days of the agency's decision disqualifying a Food Stamp Program participant, courts do not have jurisdiction to entertain challenges brought later.

The jurisdictional nature of the thirty-day time limit has been recognized by other courts. For instance, in *Reason v. Heslin,* 723 F.Supp. 1309 (S.D.Ind.1989), the court explained, "this statutory thirty day deadline for judicial review is not a statute of limitations that may be equitably tolled, but is the very basis of Congress' grant of jurisdiction to parties suing the

United States in this court." *Id.* at 1311. In *Paradise Foods v. United States,* No. 05–73378, 2006 WL 903615 (E.D.Mich. Apr. 7, 2006), Judge Rosen of this bench dismissed a similar complaint filed a year and eight months after the expiration of the thirty day period, interpreting section 2023 and 7 C.F.R. § 279.7 to be jurisdictional. *See also Shoulders v. USDA,* 878 F.2d 141, 143 (4th Cir.1989) (holding that § 2023(a)'s waiver of sovereign immunity is "conditional" with an "inflexible thirty-day period for filing" complaints); *Simaan v. Veneman,* 349 F.Supp.2d 967, 970–71 (M.D.N.C.2004) (same); *Hamilton v. United States,* 580 F.Supp. 31, 32 (M.D.Tenn. 1984) (same).

In this case, there is no question that Chesterfield received notice of FNS's final decision disqualifying it from participation in the FSP in September 2002. That decision even explained the statutory time limit for bringing suit to challenge the agency's determination. The plaintiff did not file its complaint in federal district court until September 1, 2005—nearly three years too late. Because the complaint falls outside of time limit on which Congress conditioned the waiver of sovereign immunity, this Court lacks jurisdiction over this case. The defendant's motion to dismiss will therefore be granted.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt # 14] is **GRANTED,** and the complaint is **DISMISSED WITH PREJUDICE.**