James F. GILBERT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 82–1778.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1983.

Decided Nov. 1, 1983.

Rehearing and Rehearing En Banc Denied Nov. 28, 1983.

---

Jesse M. Ray, Greenville, S.C., for appellant.

Jack L. Marshall, Asst. U.S. Atty., Columbia, S.C., for appellee.

Before WIDENER and ERVIN, Circuit Judges, and BULLOCK,* District Judge.

PER CURIAM:

James F. Gilbert appeals the district court's granting of the United States of America's motion for summary judgment holding that the plaintiff's action herein is barred by the relevant statute of limitations. We find no merit in the two contentions on appeal, and accordingly affirm.

## I.

The undisputed facts establish the following. While serving in the United States Army during the Korean War, the appellant, James F. Gilbert, was seriously injured by enemy fire on March 7, 1953. Gilbert's injury was caused by a piece of shrapnel that penetrated his brain causing permanent physical damage to the left side of his body. After several months of rehabilitative treatment, Gilbert was honorably discharged on February 28, 1954.

On July 6, 1957, Gilbert was admitted as a patient to a hospital operated by the Veterans Administration (hereinafter "V.A.") in Augusta, Georgia. During his period of hospitalization, Gilbert was examined and treated by a number of physicians,

---

* Honorable Frank W. Bullock, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

psychologists, and psychiatrists, all of whom were employed by the V.A. Following his treatment and examination, Gilbert was diagnosed and found to be mentally incompetent on August 30, 1957. Thereafter, the V.A. facility in Columbia, South Carolina, issued a certificate of Gilbert's incompetency on September 30, 1957. Upon petition by Gilbert's mother, an order adjudicating Gilbert mentally incompetent was issued by the Judge of Probate for Greenville County, South Carolina, on January 4, 1958. The order of incompetency was based, in part, on the certificate of Gilbert's incompetency issued by the V.A. on September 30, 1957.

In April of 1978, an attorney who had represented Gilbert in several matters in the past arranged to have the appellant examined by two private doctors. Upon examining Gilbert, both doctors agreed that the appellant was competent, that he had never been incompetent, and that Gilbert had been erroneously diagnosed by the V.A. in 1957. Based upon the new diagnosis by the private doctors, a petition was filed on Gilbert's behalf in the Probate Court of Greenville County to have Gilbert adjudged competent. An order of competency was entered by that court on May 14, 1979.

Appellant's complaint, filed on July 2, 1980, alleges that the V.A., while acting as an agent for the United States, wrongfully and negligently issued a certificate of Gilbert's incompetency in 1957. This wrongfully issued certificate, Gilbert contends, caused Gilbert to be injured in that Gilbert was adjudged to be incompetent by the Greenville County, South Carolina, Probate Court in 1958. Gilbert argues that these allegations state a cause of action against the V.A. under the Federal Tort Claims Act. 28 U.S.C. § 1346(b).[1] The district court granted the motion by the United States of America for summary judgment

on the ground that Gilbert's action was barred by the two-year statute of limitations applicable to suits brought pursuant to the Federal Tort Claims Act. See 28 U.S.C. § 2401(b). From this ruling by the district court, Gilbert has filed this appeal.

## II.

Appellant asserts two grounds upon which reversal of the district court's ruling is urged. Gilbert first suggests that summary judgment below was improper due to the existence of a material factual dispute concerning the date upon which Gilbert's claim accrued. Gilbert also argues that there is insufficient evidence to support the district court's finding that appellant knew, or could reasonably be charged with knowing, the cause of his injury in 1958 so as to trigger the running of the statute of limitations.

We find neither of Gilbert's arguments to be persuasive. Under the Federal Tort Claims Act, a tort claim against the United States is barred unless it is presented to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). The Supreme Court has determined that a cause of action accrues within the meaning of § 2401(b) when a prospective plaintiff knows of both the existence of his injury and its cause. *United States v. Kubrick*, 444 U.S. 111, 118–25, 100 S.Ct. 352, 357–60, 62 L.Ed.2d 259 (1979). Accrual of a claim does not await "awareness by the plaintiff that his injury was negligently inflicted." 444 U.S. at 123, 100 S.Ct. at 360.

It is clear from the record before us that Gilbert knew in 1958 that he had been adjudged incompetent by the probate court and that as a result thereof he was prohibited from buying property and entering into contracts. In addition, Gilbert conceded in his Memorandum Opposing the

---

1. That statute provides in relevant part that "subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Motion to Dismiss that he completely understood in 1958 that the adjudication of incompetency by the state probate court was based in part upon the certificate of incompetency issued by the V.A. The fact that Gilbert may have become aware of possible malpractice by the V.A. in 1957 only after consulting a private practitioner in 1978 does not toll the statute.

As § 2401(b) is currently construed, once Gilbert became aware of his injury and its alleged cause through the probate court's order of incompetency, he was under a duty to investigate whether or not the V.A. had negligently caused him to be ruled incompetent. Gilbert could have determined whether or not he had a "good cause of action" within two years following his injury by inquiring among doctors with "average training and experience" in competency matters. Instead, Gilbert waited nearly twenty-one years before questioning the propriety of the V.A.'s diagnosis, a delay which cannot be condoned. To hold otherwise would ignore the statute's purpose of requiring the "reasonably diligent presentation of tort claims against the Government." *United States v. Kubrick,* 444 U.S. at 123, 100 S.Ct. at 360.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.[2]

AFFIRMED.

**2.** We also note our concurrence with the observation made by the district court that if Gilbert was, in fact, competent in 1957, as he now claims he was, he knew then without the benefit of a second opinion in 1978 that the diagnosis by the V.A. was incorrect. "A man who can see or hear knows immediately that a diagnosis is incorrect when told that he is blind or deaf." *Gilbert v. United States,* No. 80–1251–14, slip op. at 4 (D.S.C. Aug. 3, 1982).