Kenzie L. **SHIPLEY, a Minor, by and through her Guardian ad Litem, Rose Shipley; and Rose Shipley, Plaintiffs,**

v.

**U.S. POSTAL SERVICE; and United States of America, Defendants.**

Civ. No. 1:03CV00100.

United States District Court, M.D. North Carolina.

Oct. 2, 2003.

Scott Matthew Adams, Harris Ragan Patterson & Rodgers, Concord, NC, for plaintiffs.

Joan Brodish Binkley, Office of U.S. Attorney, Greensboro, NC, for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

On January 30, 2003, Plaintiff Rose Shipley filed suit individually and on behalf of her minor child, Plaintiff Kenzie L. Shipley, against the United States Postal Service (the "USPS") and Thomas Anton Fiala ("Fiala") under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA"). Pursuant to the provisions of 28 U.S.C. §§ 2679(b)(1) and (d), the claims set forth in Plaintiffs' complaint against Fiala were dismissed, and the United States of America was substituted in his place as defendant.[1] Before the court is Defendants' motion to dismiss Plaintiffs' lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the alternative, Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Defendants' motion to dis-

---

1. A notice of substitution was filed contemporaneously with Defendants' motion to dismiss or in the alternative for summary judgment to substitute the United States of America in place of Fiala. The United States Attorney subsequently certified that Fiala was acting within the scope of his federal employment at the time of the incidents giving rise to the suit. On March 27, 2003, the court issued an order substituting the United States of America as defendant in place of Fiala on the ground that the exclusive remedy for Plaintiffs' claims is an action against the United States.

miss or in the alternative for summary judgment will be granted.

## FACTS

This action arises out of a motor vehicle accident that occurred in Cabarrus County, North Carolina. On January 31, 2000, eight-year-old Plaintiff Kenzie Shipley allegedly sustained serious personal injuries after being struck and partially run over by a USPS vehicle driven by Fiala. Fiala allegedly backed his vehicle over Plaintiff Kenzie Shipley while delivering mail within the course and scope of his employment with the USPS.

On November 28, 2000, Plaintiffs' attorney sent a letter by certified mail to the United States Post Office in Concord, North Carolina. The letter provided, in pertinent part:

> Please be advised that our law firm represents Kenzie Shipley in a claim arising out of an automobile accident on January 31, 2000 .... At this time, we are in the process of investigating this incident, and request that you *immediately* furnish us with the name of the person, department, or insurance carrier responsible for handling liability claims involving United States Postal Service Vehicles.... [P]lease *immediately* call my office to provide us with this information so we can get in contact with the appropriate parties.

(Defs.' Mem. Supp. Mot. Dismiss or Summ. J., Defs.' Ex. A.) The letter did not include any medical reports or medical bills and did not contain any claim for a specific amount of monetary damages.

On December 11, 2000, John G. Finney, a USPS Tort Claims Representative, sent a prompt written response to Plaintiffs' attorney and enclosed a Standard Form 95, "Claim for Damage, Injury or Death." Finney's letter instructed Plaintiffs' attorney that "it was necessary to complete a form 95 to present his client's claim." (*Id.*,

Finney Decl. ¶ 6, Gov't Ex. 2.) Finney's letter also informed Plaintiffs' attorney that "[a] claim must be for a specific amount.... 'Failure to specify a total amount in block (12d) will cause the claim to be invalid.'" (*Id.*, Defs.' Ex. B.) The USPS had no further contact with Plaintiffs' attorney for nearly two years.

On September 3, 2002, Plaintiffs' attorney mailed a letter to Finney stating that "our client, Kenzie Shipley, is now in a position to discuss a possible settlement [of her] claim ... I felt it prudent to initiate settlement discussions prior to the rapidly approaching Statute of Limitations." (*Id.*, Defs.' Ex. C.) Plaintiffs' attorney included in the letter an itemized statement of Plaintiff Kenzie Shipley's medical records and medical expenses incurred from January 31, 2000, to May 10, 2002. On October 8, 2002, the USPS responded with a letter denying Plaintiff Kenzie Shipley's personal injury claim on the basis of the two-year statute of limitations for filing such a claim under the FTCA. On November 21, 2002, Plaintiffs' attorney filed a Standard Form 95 with the USPS and requested reconsideration of Plaintiff Kenzie Shipley's claim. The USPS promptly responded with another denial letter dated December 3, 2002. On January 30, 2003, Plaintiffs Rose and Kenzie Shipley filed their complaint in the United States District Court for the Middle District of North Carolina.

## DISCUSSION

When a motion to dismiss pursuant to Rule 12(b) is based on more than one ground, "the court should consider [a] Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*

§ 1350 at 209–10 (2d ed.1990). The standard that applies in the context of a Rule 12(b)(1) motion to dismiss is clearly settled. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). If the moving party contends that the jurisdictional allegations of the complaint are untrue, the district court may look beyond the allegations of the complaint to determine if there are facts to support those jurisdictional allegations. *Id.* When a motion to dismiss pursuant to Rule 12(b)(1) challenges the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction falls on the plaintiff. *Id.* "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue[.]" *Richmond, Fredericksburg and Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). "[C]ourts may consider evidence outside of the complaint to resolve factual disputes concerning jurisdiction without converting the motion into one for summary judgment." *Carter v. Arlington Pub. Sch. Sys.,* 82 F.Supp.2d 561, 564 (E.D.Va.2000) (citing *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995)).

▋ It is well established that the United States Government, as sovereign, is immune from suit unless it consents to be sued. *Gould v. U.S. Dept. of Health and Human Servs.,* 905 F.2d 738, 741 (4th Cir.1990); *see also College v. United States,* 411 F.Supp. 738, 739 (D.Md.1976),

*aff'd,* 572 F.2d 453 (4th Cir.1978) (stating that "[a]bsent consent, sovereign immunity bars a suit for damages against the United States"). The terms and conditions of the government's consent to be sued in any court define that court's jurisdiction. *Gould,* 905 F.2d at 741 (citing *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). The FTCA affords a limited, conditional waiver of sovereign immunity by the United States Government for the torts of Federal government employees committed within the scope of their employment. *See* 28 U.S.C. §§ 2671 *et seq.; see also Muth v. United States,* 1 F.3d 246, 249 (4th Cir. 1993).

One condition of the Federal government's waiver of sovereign immunity is compliance with the FTCA's provisions mandating exhaustion of administrative remedies. "The [FTCA] requires that before an action may be commenced in court, the claimant must 'present' his claim to the appropriate administrative agency for determination." *Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir.1994); *see also* 28 U.S.C. § 2675.[2] A claim is presented "when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death[.]" 28 C.F.R. § 14.2(a).[3] "This provision has been interpreted by the courts

---

**2.** 28 U.S.C. § 2675 provides, in pertinent part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been

finally denied by the agency in writing and sent by certified or registered mail.

**3.** *See also* 39 C.F.R. § 912.5 (stating that a claim is deemed presented by a claimant "when the U.S. Postal Service receives ... an executed Standard Form 95 ... or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident").

to indicate that the claimant meets his burden if the notice '(1) is sufficient to enable the agency to investigate and (2) places a "sum certain" value on her claim.'" *Ahmed*, 30 F.3d at 516–17 (citations omitted). Failure to file a proper administrative claim with the appropriate agency divests a federal court of subject matter jurisdiction. *See Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (stating that "the requirement of filing an administrative claim is jurisdictional and may not be waived").

A second condition of the Federal government's waiver of sovereign immunity is compliance with the FTCA's statute of limitations. The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after [the claim is finally denied] by the agency to which it was presented." 28 U.S.C. § 2401(b). The FTCA's statute of limitations "represents a deliberate balance struck by Congress whereby a limited waiver of sovereign immunity is conditioned upon the prompt presentation of tort claims against the government." *Gould*, 905 F.2d at 742. "[C]ourts should carefully construe the statute of limitation for the FTCA so as not to extend the limited waiver of sovereign immunity beyond that which Congress intended." *Id.* at 744 (citation omitted).

■ A tort claim pursuant to the FTCA accrues when the plaintiff knows or reasonably should know of the existence and the cause of his injury. *Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir.1983) (citing *United States v. Kubrick*, 444 U.S. 111, 118–25, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). For purposes of the FTCA, Plaintiffs' claim accrued on January 31, 2000, when Fiala allegedly injured Plaintiff Kenzie Shipley. Plaintiffs contend that on No-

vember 28, 2000, less than eleven months after their claim accrued, they presented a tort claim in writing to the USPS as required by 28 U.S.C. § 2401(b). However, Plaintiffs concede that they were unable to state a demand for a sum certain or supply the USPS with any information about Plaintiff Kenzie Shipley's medical records or expenses until September 3, 2002.

■ Plaintiffs must file tort claims against the United States in precise compliance with the FTCA's terms. *See College v. United States*, 411 F.Supp. 738 (D.Md.1976), *aff'd*, 572 F.2d 453 (4th Cir. 1978). "Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit." *Kokotis v. United States Postal Service*, 223 F.3d 275, 278–79 (4th Cir.2000) (citations omitted). In their letter dated November 28, 2000, Plaintiffs failed to request a sum certain as required by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a). In their letter dated September 3, 2002, Plaintiffs provided the USPS with an itemized statement of Plaintiff Kenzie Shipley's medical records and medical expenses which apparently stated a claim for a specific amount of monetary damages. However, Plaintiffs failed to comply with the statutory requirement of presenting a claim for a sum certain to the USPS within two years of the date that Plaintiffs' claim accrued. Therefore, Plaintiffs' claim against the USPS and United States is time-barred and the court lacks subject matter jurisdiction to proceed on the merits of Plaintiffs' case.

■ Although Plaintiffs' failure to present a timely demand for a sum certain leaves the court without jurisdiction to hear Plaintiffs' claim, Plaintiffs urge that the court apply the doctrine of equitable estoppel and deny Defendants' motion. "Equitable estoppel is appropriate when a plaintiff is aware of his potential claim, but

'the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline.'" *Mullinax v. Radian Guar. Inc.*, 199 F.Supp.2d 311, 326 (M.D.N.C.2002) (citations omitted). In the instant case, Plaintiffs have not produced any evidence that the USPS or United States engaged in intentional misconduct that caused Plaintiffs to file their claim beyond the statutory period of limitation. Therefore, the court finds the doctrine of equitable estoppel inapplicable to the facts of this case.

In support of their position, Plaintiffs cite *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), for the proposition that the doctrine of equitable estoppel applies in cases where there is evidence of adversarial misconduct and also " 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period.' " (Pls.' Br. Opp'n Defs.' Mot. Dismiss or Summ. J. at 4.) In *Irwin*, the Supreme Court held that principles of equitable tolling apply to suits against the United States. *See id.* at 93–96, 111 S.Ct. 453. In its analysis, the Court stated that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96, 111 S.Ct. 453. Equitable tolling is not appropriate "where the claimant has failed to exercise due diligence in preserving his legal rights." *Id.*

In the instant case, Plaintiffs do not argue that the USPS or United States deceived or misled them in order to conceal their cause of action. Instead, Plaintiffs contend that they actively pursued their judicial remedies by initially notifying the USPS of their claim in writing on November 28, 2000. Plaintiffs also contend that in their letter dated September 3, 2002, they actively pursued their judicial remedies by providing the USPS with a written itemization of Plaintiff Kenzie Shipley's medical expenses and medical records as soon as reasonably practicable. Plaintiffs explain that "[i]t was not until July 1, 2002, that plaintiff's physicians finally completed their assessment of the long term ramifications of her injuries and provided plaintiff's counsel with the necessary medical documentation to evaluate and properly present the plaintiffs' claim to the Postal Service." (Pls.' Br. Opp'n Def.'s Mot. Dismiss or Summ. J. at 5.)

Despite Plaintiffs' contentions that they actively pursued their judicial remedies by filing a defective pleading during the statutory period, Plaintiffs have failed to point to any specific defective pleading filed with the court between January 31, 2000, and January 31, 2002. Instead, Plaintiffs have merely explained the steps they took in pursuit of an independent administrative remedy against the USPS. Moreover, Plaintiffs' letter dated September 3, 2002, shows that Plaintiff Kenzie Shipley incurred $37,236.21 in medical bills from January 31, 2000, to July 12, 2000. The letter lists only two entries totaling $1,519.31 in medical bills that Plaintiff Kenzie Shipley incurred after July 12, 2000. Plaintiffs' contention that they were not in a position to speculate as to an appropriate monetary figure for settlement of their claim until after July 1, 2002, is implausible. Principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect in failing to file in a timely manner. *Id.*

■ As a general rule, Federal courts must apply equitable exceptions to statutory periods of limitation sparingly. *English*, 828 F.2d at 1049. In the instant case, Plaintiffs have failed to plead or prove facts which could support a finding

of government misconduct to warrant invocation of the doctrine of equitable estoppel. Plaintiffs have also failed to allege sufficient facts to warrant an equitable tolling of the statutory period of limitation. Therefore, Plaintiffs' claim against the USPS and United States is time-barred and this court lacks subject matter jurisdiction to proceed on the merits of Plaintiffs' case.

## CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss will be granted.