Toufic M. SIMAAN, Antoine M. Simaan, Elie M. Simaan, and Elie M. Simaan d/b/a Simco Food Mart, Plaintiffs,

v.

Ann M. VENEMAN, Secretary, and United States Department of Agriculture, Defendants.

No. 1:03CV01153.

United States District Court, M.D. North Carolina.

Dec. 17, 2004.

Kenneth M. Johnson, Greensboro, NC, for Plaintiffs.

Gill P. Beck, Office of U.S. Attorney, Greensboro, NC, Mark Lee Stevens, U.S. Department of Agriculture Office of General Counsel, Atlanta, GA, for defendants.

## JUDGMENT

TILLEY, District Judge.

On October 4, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). No objections were received by the court within the time prescribed by the statute.

The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' motion to dismiss (Pleading No. 7) be **GRANTED** and that this action be, and is hereby, dismissed with prejudice.

## *RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

SHARP, United States Magistrate Judge.

This matter comes before the Court on the motion of Defendants Ann M. Veneman and the United States Department of Agriculture to dismiss the complaint of Plaintiffs Toufic M. Simaan, Antoine M. Simaan, Elie M. Simaan, and Elie M. Simaan d/b/a Simco Food Mart ("Simco") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants request summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Pleading No. 7). Plaintiffs have failed to respond to Defendants' motion and the time for response has expired. The Court will, therefore, treat the motion as uncontested pursuant to Local Rule 7.3(k). The motion is ready for a decision.

### I. Procedural History & Factual Background

On November 28, 2001,[1] the United States Department of Agriculture ("USDA") sent a charge letter to Plaintiffs, charging Plaintiffs with seven violations of the Food Stamp Program committed by Abdullah Azzam, an employee of Simco. The letter notified Plaintiffs that Simco was subject to permanent disqualification from the Food Stamp Program. (Pleading No. 1, Compl. ¶ 6; Pleading No. 8, Def.s' Mem. in Supp. of Mot. to Dismiss, Ex. A, Marilyn P. Carpenter Decl. ¶ 2,[2] Ex. A–1.) On December 14, 2001, Kenneth M. Johnson, counsel for Plaintiffs, sent a response to the USDA to the charge letter. (Compl. ¶ 7; Carpenter Decl. ¶ 3, Ex. A–2.) On January 9, 2002, the USDA replied to Plaintiffs' response and notified Simco that it was being permanently disqualified from the Food Stamp Program. (Compl. ¶ 8; Carpenter Decl. ¶ 4, Ex. A–3.)

On January 16, 2002, attorney Johnson submitted a letter requesting administrative review of the disqualification decision. (Compl. ¶ 9; Carpenter Decl. ¶ 5; Pleading No. 8, Def.s' Mem. in Supp. of Mot. to Dismiss, Ex. B, John M. Heslin Decl. ¶ 3.) On April 16, 2002,[3] Johnson and John M. Heslin, Chief of the Administrative Review Branch, Food and Nutrition Services, USDA, discussed Plaintiffs' appeal of the disqualification decision by means of a conference call. (Compl. ¶ 10, Heslin Decl. ¶ 4.) On April 17, 2002, Heslin sent Plaintiffs a letter upholding the January 9, 2002 disqualification decision. The last paragraph of the letter provided as follows:

Your attention is called to Section 14 of the Food Stamp Act (7 USC 2023) and to section 279.10 of the regulations (7 CFR 279.10) with respect to your right to a judicial review of this determination. Please note that if a judicial review is desired, the complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of record of the State having competent jurisdiction. *If any such complaint is filed, it must be filed within 30 days of receipt of this letter.*

(Heslin Decl. ¶ 5, Ex. B–1; Compl. ¶ 11)(emphasis added). This letter was received by Plaintiffs on April 23, 2002. (Heslin Decl. ¶ 6, Ex. B–2.) Following the conference call on April 16, 2002, Heslin had no further communications with Plaintiffs or their counsel. (Heslin Decl. ¶ 7.)

On December 5, 2003, Plaintiffs filed a complaint in this Court seeking judicial review of the April 17, 2002 disqualification decision. (Compl.¶¶ 4, 6, 10, 11.) The complaint bases this Court's jurisdiction on 7 U.S.C. § 2023. *Id.* ¶ 4.

## II. Discussion

Defendants move to dismiss all of Plaintiffs' claims on the following grounds: (1) the Court lacks subject matter jurisdiction over Plaintiffs' claims under Rule 12(b)(1) because Plaintiffs failed to file their complaint within 30 days of delivery of the agency's final determination; and (2) Plaintiffs' complaint fails to state a claim for which relief can be granted under Rule

---

**1.** The complaint erroneously states that the charge letter was sent on November 20, 2001. While the actual date the notice was sent is not material to a determination of the instant motion, the date is apparent from the charge letter itself: November 28, 2001.

**2.** The declaration of Marilyn P. Carpenter contains two consecutive paragraphs num-

bered "2." The Court is referring here to the second paragraph numbered "2."

**3.** The complaint states that the conference call took place on April 4, 2002. The Court notes that the difference between the two dates is immaterial to a determination of the instant motion.

12(b)(6) because Plaintiffs have named Ann M. Veneman, Secretary of the USDA, and the USDA as defendants, and 7 U.S.C. § 2023 permits actions only against the United States. For the reasons discussed below, the Court finds merit to Defendants' first argument and finds that all of Plaintiffs' claims should be dismissed with prejudice. Accordingly, the Court need not, and does not, reach Defendants' remaining argument.

"The standard that applies in the context of a Rule 12(b)(1) motion to dismiss is clearly settled." *Shipley v. U.S. Postal Service,* 286 F.Supp.2d 657, 660 (M.D.N.C.2003)(citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982)). "If the moving party contends that the jurisdictional allegations of the complaint are untrue, the district court may look beyond the allegations of the complaint to determine if there are facts to support those jurisdictional allegations." *Shipley,* 286 F.Supp.2d at 660. "When a motion to dismiss pursuant to Rule 12(b)(1) challenges the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction falls on the plaintiff." *Id.* " 'In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue[.]' " *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991)). " '[C]ourts may consider evidence outside of the complaint to resolve factual disputes concerning jurisdiction without converting the motion into one for summary judgment.' " *Id.* (quoting *Carter v. Arlington Pub. Sch. Sys.,* 82 F.Supp.2d 561, 564 (E.D.Va.2000)(citing *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995))).

■ In their complaint, Plaintiffs identify 7 U.S.C. § 2023 as the basis of this Court's jurisdiction. That section provides as follows:

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, *within thirty days after the date of delivery or service of the final notice of determination upon it,* requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13)(2004)(emphasis added). In this case, Plaintiffs were served with the USDA's April 17, 2002 final determination on April 23, 2002. The letter expressly called Plaintiffs' attention to the thirty-day time limit for filing suit contained in 7 U.S.C. § 2023(a)(13). Notwithstanding this advisement, Plaintiffs waited over one year and seven months before filing the instant lawsuit on December 5, 2003.

■ Under the well-settled doctrine of sovereign immunity, the United States is protected from suit unless it waives this immunity. *Gould v. U.S. Dep't of Health & Human Servs.,* 905 F.2d 738, 741 (4th Cir.1990). Section 2023(a)(13) is a conditional waiver of the United States' sovereign immunity against lawsuits. *Shoulders v. U.S. Dep't of Agric.,* 878 F.2d 141, 143 (4th Cir.1989); *Henderson Fruit & Prod. Co., Inc. v. United States,* 181 F.Supp.2d 566, 568–69 (E.D.N.C.2001). Any waiver of sovereign immunity must be strictly construed by the courts. *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). Thus, this Court "must be careful not to interpret [the time-bar provision] in a manner that would 'extend the waiver beyond that

which Congress intended.'" *Id.* (citation omitted). The statutory 30–day deadline for judicial review is not a statute of limitations that may be equitably tolled. *Reason v. Heslin,* 723 F.Supp. 1309, 1311 (S.D.Ind.1989). Here, it is clear beyond peradventure that Plaintiffs missed, by a wide margin, the 30–day deadline for filing this lawsuit. Therefore, the Court concludes that Plaintiffs' claims in this matter are time-barred by virtue of the 30–day filing period in 7 U.S.C. § 2023(a)(13) and must be dismissed with prejudice.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendants' unopposed motion to dismiss (Pleading No. 7) be granted, and that Plaintiffs' claims be dismissed with prejudice.

October 4, 2004.